UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:11-CV-00148-JHM

THERESA WILSON                                               PLAINTIFF

v.

WAL-MART STORES EAST, LP                                     DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Wal-Mart Stores East's motion for summary judgment [DN 14].  Fully briefed, this matter is ripe for decision.  For the following reasons, the Court **DENIES** the Defendant's motion for summary judgment.

### I. BACKGROUND

Plaintiff Theresa Wilson was a customer at the Wal-Mart Store #294 located in Central City, Kentucky on August 14, 2010.  As she was shopping in the women's clothing department, Plaintiff was struck by a circular clothing rack which knocked her to the ground, causing injuries.  The clothing rack fell over when Third Party Defendant Peggy L. Gossett collided with it while operating an in-store vehicle called a MartCart.

Plaintiff filed her Complaint in Muhlenberg Circuit Court on July 28, 2011 and the case was removed to this Court.  In her Complaint, Plaintiff states that her injuries were foreseeable as Defendant provided scooters to elderly customers on its premises with little or no instruction.  Defendant filed its motion for summary judgment claiming that there is no evidence that any duty owed to the Plaintiff was breached because the injury was caused solely by the negligence of a third party.

### II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The rule requires the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252. It is against this standard that the Court reviews the following facts.

### III. DISCUSSION

Plaintiff's complaint states that Wal-Mart was negligent in allowing customers to operate MartCarts with little or no instruction in a store with displays susceptible to being knocked over when hit by a MartCart. "Generally, premises liability is a sub-category of negligence law, and in order to state a cause of action for negligence, 'a plaintiff must establish a duty on the defendant,

a breach of the duty, and a causal connection between the breach of the duty and an injury suffered by the plaintiff.'" Lucas v. Gateway Community Services Organization, Inc., 343 S.W.3d 341, 344 (Ky. Ct. App. 2011) (quoting Lewis v. B & R Corp., 56 S.W.3d 432, 436-37 (Ky. Ct. App. 2001)). "Under common law premises liability, the owner of a premises to which the public is invited has a general duty to exercise ordinary care to keep the premises in a reasonably safe condition and warn invitees of dangers that are latent, unknown or not obvious." Lewis, 56 S.W.3d at 438.   While Defendant argues that it cannot be held liable because Third Party Defendant's operation of the MartCart was the sole cause of Plaintiff's injuries, Kentucky courts have recognized the Restatement (Second) of Torts § 344.   Section 344 holds owners of business premises open to the public liable for acts of third persons, creating a duty to exercise reasonable care in discovering accidental, negligent, or intentionally harmful acts of third persons, or discovering if they are likely to be done. Restatement (Second) of Torts § 344 (1965); See Lanier v. Wal-Mart Stores, Inc., 99 S.W.3d 431, 433 (Ky. 2003); see also Woltman v. Pepsi Midamerica Co., 2008 WL 2038880 (W.D. Ky. May 12, 2008). The Plaintiff alleges that Wal-Mart breached its duty to exercise reasonable care for her safety.

The Plaintiff alleges that MartCarts are provided to patrons with little or no instruction. In its Motion for Summary Judgment, Defendant cites to Plaintiff's deposition in which Plaintiff stated that "[t]he elderly woman (the third party defendant Gossett) said she did not know how to operate the MartCart." (Def.'s Mot. Summ. J. 2 [DN 14] (citing Wilson Dep.))  Based on this alone, it seems a reasonable inference can be drawn that inadequate instructions were provided by Wal-Mart.  That may or may not be the case, however, the Defendant, as the moving party, has not shown an absence of a genuine issue of material fact in this regard.  Despite Ms. Gossett's negligence, it is possible

3

that a reasonable jury could conclude that the Defendant was at least partially at fault in causing the Plaintiff's injuries.    Therefore, the Defendant has failed to show that it is entitled to summary judgment.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Defendant's motion for summary judgment [DN 14] is **DENIED**.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

March 8, 2013

cc: counsel of record