UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CIVIL ACTION NO. 4:11-CV-00148-JHM**

**THERESA WILSON**                                                          **PLAINTIFF**

**v.**

**WAL-MART STORES EAST, LP**                                          **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Third-Party Defendant Peggy L. Gossett's motion for summary judgment and motion to dismiss [DN 24] and Defendant Wal-Mart Stores East's motion for leave to amend scheduling order and leave to file an amended third party complaint [DN 25]. Fully briefed, these matters are ripe for decision. For the following reasons, the Court **GRANTS** the Third-Party Defendant's motion to dismiss and **DENIES** Defendant Wal-Mart's motion for leave to amend.

**I. BACKGROUND**

Plaintiff Theresa Wilson was a customer at the Wal-Mart Store #294 located in Central City, Kentucky on August 14, 2010. As she was shopping in the women's clothing department, Wilson was struck by a circular clothing rack which knocked her to the ground, causing injuries. The clothing rack fell over when Third Party Defendant Peggy L. Gossett collided with it while operating an in-store vehicle called a MartCart.

Wilson filed her Complaint in Muhlenberg Circuit Court on July 28, 2011 and the case was removed to this Court. In her Complaint, Wilson states that her injuries were foreseeable as Wal-Mart provided scooters to elderly customers on its premises with little or no instruction, and had displays in the store which would fall over when struck by a scooter. On April 19, 2012, Wal-Mart

Stores East ("Wal-Mart") filed its Third Party Complaint [DN 10] against Peggy Gossett on the basis of entitlement to apportionment or indemnity. Gossett has filed a motion to dismiss the Third Party Complaint or grant summary judgment to Gossett. Wal-Mart is now seeking leave to amend its Third Party Complaint.

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" id., and determine whether the "complaint states a plausible claim for relief[,]" Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 678, 679. Instead, the allegations must "'show[ ] that the pleader is entitled to relief.'" Id. at 679 (quoting Fed.R.Civ.P. 8(a)(2)).

## III. DISCUSSION

Wilson's Complaint states that Wal-Mart was negligent in allowing customers to operate MartCarts with little or no instruction in a store with displays susceptible to being knocked over when hit by a MartCart. Construing the Complaint in the light most favorable to the plaintiff, the

Court finds that Wilson has made two claims: (1) Wal-Mart negligently provided MartCarts to patrons with little or no instruction; and (2) a general premises liability claim regarding displays which would fall over if struck by scooters.

### A. Motion to Dismiss and Motion for Summary Judgment

In her motion to dismiss, Gossett argues that the Third Party Complaint is devoid of any factual allegations and asserts only legal conclusions as required under Fed.R.Civ.P. 8(a)(2). Furthermore, Gossett asserts that the Third Party Complaint provides no legal theory under which Wal-Mart is entitled to either indemnity or apportionment. Gossett states that if the jury finds against Wal-Mart on one or both of the claims, "then Wal-Mart is obviously not entitled to indemnity against Ms. Gossett for their own negligence." (Gossett's Mot. to Dismiss, 7 [DN 24].) Citing to several Western District of Kentucky cases, Gossett argues that the party seeking indemnity can not be an 'active wrongdoer' in order to assert a claim for indemnity, and the Complaint only contains "specific allegations of active and concurrent negligence against Wal-Mart in the Complaint which can not be 'passed on' to Ms. Gossett." (Id. at 7 [DN 24] (see Potts v. Martin & Bayley, Inc., 2011 WL 2532894 (W.D. Ky. Sept. 28, 2011); ISP Chemicals LLC v. Dutchland, Inc., 771 F.Supp.2d 747 (W.D. Ky. 2011); Franke v. Ford Motor Co., 398 F.Supp. 2d 833 (W.D. Ky. 2005)).) Gossett states that apportionment is not a substantive cause of action, and without an indemnity claim, a third party complaint for apportionment does not state grounds upon which relief may be granted. (Gossett's Reply, 3 [DN 28].)

In response, Wal-Mart states that "Kentucky law authorizes bringing a joint tortfeasor (in *pari delicto*) into an action as a third party defendant to be given [a] 'line' in the apportionment of damages." (Wal-Mart's Response, 3 [DN 26].) Wal-Mart reasons that adding Gossett as a third-

party defendant in order to obtain an apportionment 'line' in the jury instructions is appropriate. As to the indemnity claim, Wal-Mart asserts that it is not in *pari delicto* with Gossett and its fault is secondary, while Gossett's fault is primary. Additionally, Wal-Mart states that the issue is not one for summary judgment as genuine issues of material fact exist as to the circumstances of the case.

Under current Kentucky law, "liability among joint tortfeasors in negligence cases is no longer joint and several, but is several only." Degener v. Hall Contracting Corp., 27 S.W.3d 775, 779 (Ky. 2000). K.R.S. § 411.182 provides that "[i]n all tort actions, including products liability actions, involving fault of more than one (1) party to the action ..., the court ... shall instruct the jury to [determine] ... [t]he percentage of the total fault of all the parties to each claim that is allocated to each claimant, defendant, third-party defendant, and person who has been released from liability." K.R.S. § 411.182 "'is simply a codification of this common law evolution of the procedure for determining the respective liabilities of joint tortfeasors,' whether joined in the original complaint or by third-party complaint." Ky. Farm Bureau Mut. Ins. Co. v. Ryan, 177 S.W.3d 797, 802–03 (Ky. 2005) (quoting Degener, 27 S.W.3d at 779). "If there is an active assertion of a claim against joint tortfeasors, and the evidence is sufficient to submit the issue of liability to each, an apportionment instruction is required." Floyd v. Carlisle Constr. Co., 758 S.W.2d 430, 432 (Ky.1988) (emphasis omitted).

Wal-mart has a right to an apportionment instruction under KRS § 411.182 upon a finding "where underlying substantive fault exits, but it does not provide a substantive cause of action itself." Hall v. MLS National Medical Evaluations, Inc., 2007 WL 1385943, *2 (E.D.Ky. May 8, 2007). Accordingly, the Court holds that Wal-Mart does not have a "claim" of apportionment against Gossett for apportionment, but Wal-Mart has preserved its right to an apportionment

instruction pursuant to KRS § 411.182 if the evidence supports the instruction at trial.

As to the indemnity claim, the Kentucky Supreme Court has made it clear that indemnity claims are viable under Kentucky law. See Degener, 27 S.W.3d at 780. However, cases permitting recovery based on indemnity principles "'are exceptions to the general rule, and are based upon principles of equity.'" Id. (quoting Louisville Ry. Co. v. Louisville Taxicab & Transfer Co., 77 S.W.2d 36, 39 (Ky.1934)). Such equitable exceptions are reserved for two classes of cases: "first, for those cases in which the party claiming indemnity has not been guilty of any fault, except technically, or constructively, as where an innocent master was held to respond for the tort of his servant; and second, for those cases in which both parties have been in fault, but not in the same fault, towards the party injured, and the fault of the party from whom indemnity is claimed was the primary and efficient cause of the injury." Id. (internal quotations omitted). "In other words, '[w]here one of two parties does an act or creates a hazard and' a second party, 'while not concurrently joining in the act, is, nevertheless thereby exposed to liability . . . , the party who was the active wrongdoer or primarily negligent can be compelled to make good to the other any loss he sustained.'" Hall v. MLS Nat. Med. Evaluations, Inc., 2007 WL 1385943, at *3 (E.D.Ky. May 8, 2007) (quoting Brown Hotel Co. v. Pittsburgh Fuel Co., 224 S.W.2d 165, 167 (Ky.1949)).

At trial, the jury will be instructed to determine the fault of Wal-Mart, and apportion liability in proportion to the fault of Wal-Mart. Wal-Mart will be held liable only for that portion of the damages the jury determines Wilson sustained as a result of Wal-Mart's negligence in providing MartCarts to patrons with little or no instruction; and its liability regarding the displays which would fall over if struck by scooters. If the jury awarded damages to Wilson based on these claims, Wal-Mart would be the only active wrong-doer. Wal-Mart can not seek indemnification from Gossett

as a result of its own alleged failure to provide instructions and its own premise liability for the clothes racks. This is not a case where there is primary negligence and secondary negligence as to the claims alleged in the Complaint. The Court holds that Wal-Mart is not entitled to indemnification from Gossett based on the allegations set forth in the third party complaint. Therefore Gossett's motion to dismiss is granted.

### B. Motion to Amend Scheduling Order and Motion to Allow Wal-Mart to File an Amended Third Party Complaint

Wal-Mart acknowledges that its motion to amend the scheduling order is untimely, but states that Fed.R.Civ.P. 16(b)(4) states that a schedule may be modified for good cause and with the judge's consent. Wal-Mart argues that the allowing the modification creates no prejudice to Gossett as it adds no parties or new theories of exposure of Gossett to liability. Wal-Mart also states that it has good cause to obtain this amendment since Gossett was not involved in the entering of the scheduling order; the third party complaint had not been filed at the time the scheduling order was entered; the court might not give a "line" to Gossett in the comparative fault instructions to the jury unless the amended third party complaint is filed; and no new claims are asserted against Gossett.

In response, Gossett states that the lawsuit was initially filed on July 28, 2011, a scheduling order was entered on February 27, 2012, a motion to file a third party complaint against Gossett was granted on April 19, 2012, and the deadline to amend pleadings expired on October 30, 2012. Gossett argues that Wal-Mart never initiated any discovery from her and has not demonstrated good cause for its failure to comply with the scheduling order. Gossett asserts that Wal-Mart has not shown why it was unable to meet the deadlines and good cause "is measured by the movant's diligence in attempting to meet the case management order requirements." (Gossett's Resp., 3 [DN

27] (citing Leary v. Daeschner, 349 F.3d 888, 907 (6th Cir. 2003)).)

As the deadline imposed by the Court's Scheduling Order has passed, Wal-mart must show good cause for modifying the Scheduling Order before the Court will consider whether amendment to the Third-Party Complaint is proper. Fed.R.Civ.P. 16(b)(4); see also Leary, 349 F.3d at 909 ("Once the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)."). In assessing whether good cause has been shown, the Court must consider two factors. First, the Court must measure "the movant's 'diligence in attempting to meet the case management order's requirements.'" Id. (quoting Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002)). Second, the Court must consider "whether the opposing party will suffer prejudice by virtue of the amendment." Id. (citing Inge, 281 F.3d at 625).

The Court finds that Wal-Mart has not sufficiently shown good cause so as to permit the amendment of the Scheduling Order. Wal-Mart has offered no evidence demonstrating its diligence in attempting to meet the case management order's requirements. It only explains why Gossett will not suffer any prejudice without explaining why it was not able to meet the requirements. Furthermore, the Court previously held that this is not an indemnity case, and Wal-Mart's proposed Amended Third-Party Complaint does not alter that conclusion. As to the apportionment claim, Wal-Mart has preserved its right to an apportionment instruction pursuant to KRS § 411.182 if the evidence supports the instruction at trial, but as apportionment is not a substantive cause of action, it does not justify a third-party complaint. See ISP Chemicals LLC v. Dutchland, Inc., 771 F.Supp. 2d 747, 751 (W.D. Ky. Jan. 26, 2011); Burton v. H.O. Sports Company, Inc., 2009 WL 1390832, *2 (W.D. Ky. May 14, 2009). Therefore, the Court finds that Wal-Mart's motion to amend is futile

and the motion is denied.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Third-Party Defendant Peggy L. Gossett's motion for summary judgment and motion to dismiss [DN 24] is **GRANTED** and Defendant Wal-Mart Stores East's motion for leave to amend scheduling order and leave to file an amended third party complaint [DN 25] is **DENIED**.

                                                  **Joseph H. McKinley, Jr., Chief Judge**
                                                     **United States District Court**

June 11, 2013

cc: counsel of record